UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-04558-MWF (JDE) | Date | May 29, 2018 |
|---|---|---|---|
| Title | Edward Joseph Page v. Deputy David Bower | | |

Present: The Honorable John D. Early

| Maria Barr | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| n/a | n/a |

**Proceedings:** (In Chambers) Order to Show Cause Why Case Should Not Be Dismissed

## I.
## INTRODUCTION

Plaintiff Edward Joseph Page ("Plaintiff"), an inmate at the Goose Creek Jail in Wasilla, Alaska, seeks leave to file a Prisoner's Complaint under the Civil Rights Act, 42 U.S.C. § 1983 (Dkt. 1 "Complaint") without prepayment of fees against Deputy David Bower. The Complaint is based on Plaintiff's allegation that on September 23, 1992, in Lancaster, California, Deputy Bower shot Plaintiff without provocation or cause. Complaint at p. 3.

Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portion thereof, before service of process if the complaint: (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000).

Similarly, "[a] district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998); see also 28 U.S.C. § 1915(e)(2)(B) (providing that court shall dismiss in forma pauperis case at any time it determines that action "is frivolous or malicious" or "fails to state a claim on which relief may be granted"). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984) (affirming dismissal of action in part because it was barred by statute of limitations).

For the reasons set forth below, it appears from the face of the Complaint that, barring tolling, Plaintiff's claims are barred by the applicable statute of limitations and are subject to dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04558-MWF (JDE) | Date | May 29, 2018 |
|---|---|---|---|
| Title | Edward Joseph Page v. Deputy David Bower | | |

## II.
## DISCUSSION

A. <u>The Limitations Period</u>

Statutes of limitation prevent the assertion of stale legal claims by providing for a limited period of time (*i.e.*, the "limitations period") within which claims must be filed. See <u>Daviton v. Columbia/HCA Healthcare Corp.</u>, 241 F.3d 1131, 1136 (9th Cir. 2001). In Section 1983 actions, federal courts "borrow" the limitations and tolling rules from the forum state. <u>Hardin v. Straub</u>, 490 U.S. 536 (1989); <u>TwoRivers v. Lewis</u>, 174 F.3d 987, 991 (9th Cir. 1999). Federal courts apply the personal injury limitations period for analogous Section 1983 claims allegedly arising in California. <u>Pouncil v. Tilton</u>, 704 F.3d 568, 573 (9th Cir. 2012). As of January 1, 2003, California's statute of limitations for personal injury actions was changed to two years, from one year. See <u>Maldonado v. Harris</u>, 370 F.3d 945, 954–55 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1. Claims for which the statute of limitations had already run as of January 1, 2003 remained barred for all claims other than claims arising from the September 11, 2001 terrorist attacks. <u>Maldonado</u>, 370 F.3d at 955.

B. <u>Accrual</u>

A Section 1983 claim accrues, for the purposes of the starting of the running of the limitations period, when the plaintiff "knows or has reason to know of the injury that is the basis of the action." <u>Balanus v. Clark</u>, 796 F.3d 1021, 1025 (9th Cir. 2015).

C. <u>Statutory Tolling</u>

Once a claim has accrued, the running of the limitations period may be tolled (that is, suspended temporarily) in certain situations. Under California law, whose tolling provisions govern federal Section 1983 actions arising in California, incarceration allows a plaintiff to toll the statute of limitations for up to two years. Cal. Civ. Proc. Code § 352.1. However, any such tolling ends, and the statute of limitations begins to run immediately, after the prisoner's incarceration ends or the two-year maximum tolling period ends, whichever occurs first. See <u>Cabrera v. City of Huntington Park</u>, 159 F.3d 374, 378-79 (9th Cir. 1998).

D. <u>Equitable Tolling</u>

Federal courts also apply California's equitable tolling rules in Section 1983 actions. See <u>Azer v. Connell</u>, 306 F.3d 930, 936 (9th Cir. 2002). In California, equitable tolling is "a judge-made doctrine which operates independently of the literal wording of the California Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." <u>Lantzy v. Centex Homes</u>, 31 Cal. 4th 363, 370 (2003) ("[T]he effect of equitable tolling is that the limitations period *stops running* during the tolling event, and begins to run again only when the tolling event has concluded.") (citations and internal quotation marks omitted; emphasis in original). For equitable tolling to apply under applicable California law, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-04558-MWF (JDE) | Date | May 29, 2018 |
| Title | Edward Joseph Page v. Deputy David Bower | | |

plaintiff essentially must show (1) "timely notice" of the claim to the defendant; (2) "lack of prejudice[ ] to the defendant"; and (3) "reasonable and good faith conduct on the part of the plaintiff." McDonald v. Antelope Valley Comm. College Dist. 45 Cal. 4th 88, 102 (2008); see also Fink v. Shedler, 192 F.3d 911, 916 (9th Cir 1999) (same); Daviton, 241 F.3d at 1136-39 (explaining Ninth Circuit application of California's doctrine of equitable tolling). The party asserting equitable tolling has the burden to show that the doctrine applies. See In re Marriage of Zimmerman, 183 Cal. App. 4th 900, 912 (2010); see also In re Reno, 55 Cal. 4th 428, 511 (2012), as modified on denial of reh'g, ("in a typical civil matter, 'when a complaint shows on its face ... that a pleaded cause of action is apparently barred by the statute of limitations, plaintiff must plead facts which show an excuse, tolling, or other basis for avoiding the statutory bar'") (citations omitted); Kleinhammer v. City of Paso Robles, 385 F. App'x 642, 643 (9th Cir. 2010) (holding that a Section 1983 plaintiff has the "burden to plead facts which would give rise to equitable tolling"). Indeed, where the time-bar appears "on the face of the complaint," the party seeking equitable tolling "has an obligation to anticipate the defense and plead facts to negative the bar." Union Carbide Corp. v. Superior Court, 36 Cal. 3d 15, 25 (1984); Reyes v. Healthcare Services Group, Inc., 2015 WL 6551870 *5 (C.D. Cal. Oct. 26, 2015) (where action appears barred by statute of limitations on face of complaint, plaintiff has obligation "to anticipate the defense and plead facts to negative the bar") (internal quotation marks and citation omitted).

 E.  Analysis

It appears that Plaintiff's Complaint is subject to dismissal because, even giving Plaintiff every benefit of the doubt, on the face of the Complaint, the claim is time-barred.

Plaintiff was aware of his alleged injury on September 23, 1992, as a result, the claim accrued on that date. Under California law at the time, the applicable statute of limitations was one year. Even giving Plaintiff the benefit of the change in the law effective January 1, 2003, to which Plaintiff does not appear entitled, the applicable period is only two years, meaning the limitations period ran on September 23, 1994. Even if Plaintiff had been incarcerated the entire time from September 23, 1992 to September 23, 1994, which he does not allege, his statutory tolling would at most extend the expiration of the limitations period to September 23, 1996. The complaint reveals no basis for any other statutory or equitable tolling, and given the amount of time involved, the potential prejudice to the defendant by the delay would seem to be severe.

Thus, it appears that at the limitations period expired no later than September 23, 1996. Plaintiff signed the Complaint on May 9, 2018, more than twenty years after the apparent expiration of the latest limitations period.

**IV.**
**ORDER**

Accordingly, based upon the foregoing, it appears that Plaintiff's claims in the Complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04558-MWF (JDE) | Date | May 29, 2018 |
|---|---|---|---|
| Title | Edward Joseph Page v. Deputy David Bower | | |

are barred by the applicable statute of limitations. It also appears, for the reasons set forth above, that no further amendment of the Complaint could cure its defects.

Plaintiff is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed with prejudice by filing a written response <u>by no later than thirty (30) days from the date of this Order</u> which sets forth any valid legal and/or factual reasons why the statute of limitations does not bar Plaintiff's claims. Nothing in this Order suggests that the Court does not believe Plaintiff's allegations; the question is whether legally too much time has passed between the injury and the filing of the action, without adequate legal reasons justifying the delay.

Instead of filing a written response to the matters addressed in this Order, Plaintiff may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). Plaintiff is advised that a voluntary dismissal does not constitute a "strike" under 28 U.S.C. § 1915(g), whereas a dismissal of a civil complaint filed by a prisoner on the grounds that it "fails to state a claim upon which relief may be granted" would constitute a "strike." <u>See</u> 28 U.S.C. § 1915(g). <u>The Clerk is also directed to send Plaintiff a Central District Request for Dismissal form</u>.

**The Court warns Petitioner that failure to timely file a response to this Order may result in the Court dismissing this action as untimely and for failure to prosecute and comply with Court orders.** <u>See</u> Fed. R. Civ. P. 41(b)

|  | : |
|---|---|
| Initials of Clerk | kh |